IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GALE A. RACHUY and
SANDRA K. RACHUY,

                                            ORDER

                    Plaintiffs,

                                            09-cv-356-slc[1]

    v.

TOM MCCARNEY,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for monetary relief brought by plaintiff Gale Rachuy, who is presently confined at the Faribault Correctional Facility in Faribault, Minnesota, and plaintiff Sandra Rachuy, a resident of Wisconsin. Plaintiffs ask for leave to proceed without prepayment of fees and costs and have supported their requests with an affidavit of indigency for each plaintiff. In addition, plaintiff Gale Rachuy has submitted a copy of his six-month trust fund account statement. From the affidavits of indigency and accompanying trust fund account statement, I conclude that plaintiffs are unable to prepay the fees and

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

costs of instituting this lawsuit. However, plaintiffs' case must be dismissed for lack of subject matter jurisdiction.

Plaintiffs' complaint alleges that this court has subject matter jurisdiction over their lawsuit under 28 U.S.C. § 1332. I have "an independent obligation to ensure that jurisdiction exists." <u>Camico Mutual Insurance Co. v. Citizens Bank</u>, 474 F.3d 989, 992 (7th Cir. 2007) (citations omitted). In relevant part, § 1332 provides district courts with diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. "'For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant.'" <u>McCready v. eBay, Inc.</u>, 453 F.3d 882, 891 (7th Cir. 2006) (quoting <u>Fidelity & Deposit Co. of Maryland v. City of Sheboygan Falls</u>, 713 F.2d 1261, 1264 (7th Cir. 1983)).

Plaintiffs allege that plaintiff Gale Rachuy is a resident of Minnesota, plaintiff Sandra Rachuy is a resident of Wisconsin and defendant Tom McCarney is a resident of Wisconsin. The initial problem with plaintiffs' complaint is that they allege where they and defendant reside but they do not say whether they are *citizens* of Minnesota or Wisconsin. "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." <u>Meyerson v. Harrah's East Chicago Casino</u>, 299 F.3d 616, 617 (7th Cir. 2002). The larger problem is that, assuming that plaintiffs and defendant are actually

2

citizens of the states where they are alleged to reside, there is not complete diversity. Both plaintiff Sandra Rachuy and defendant McCarney would be citizens of the same state. Accordingly, although plaintiffs have alleged diversity jurisdiction, they have not show that it exists. Plaintiffs' complaint will be dismissed without prejudice so that they may file their complaint in state court if they so desire.

## ORDER

IT IS ORDERED that the complaint filed by plaintiffs Gale Rachuy and Sandra Rachuy, dkt. #1, is DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 2nd day of July, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3