IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GALE A. RACHUY and
SANDRA K. RACHUY,

                                                                          ORDER

                        Plaintiffs,

                                                                         09-cv-356-slc[1]

     v.

TOM MCCARNEY,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 2, 2009, I issued an order dismissing this case for lack of subject matter jurisdiction. Dkt. #6. Although plaintiffs alleged that the court had jurisdiction to hear this case under the diversity statute, 28 U.S.C. § 1332, according to plaintiffs' complaint, Sandra K. Rachuy and defendant Tom McCarney are both citizens of Wisconsin, which defeats diversity jurisdiction. Judgment was entered on July 9, 2009, dismissing the case without prejudice.

On July 10, 2009, plaintiff Gale Rachuy filed a motion requesting reconsideration. Dkt. #8. Attached to the motion is an affidavit with the motion in which Gale Rachuy

---

[1] For the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

swears that both he and Sandra Rachuy are citizens of Minnesota. Dkt. #9. I will interpret this motion as one for reopening of this case because there would be diversity jurisdiction if Sandra Rachuy is a citizen of Minnesota and not a citizen of Wisconsin. However, the motion has several problems. First, only Gale Rachuy signed the motion. When two plaintiffs are prosecuting a lawsuit pro se, one plaintiff cannot represent the interests of the other plaintiff. Each plaintiff bears the responsibility for knowing exactly what tactical decisions are being made and what documents are being filed by the other and must demonstrate this knowledge by signing every motion, letter or other document submitted to the court for consideration. If only one plaintiff signs the item to be submitted, that plaintiff must show by affidavit or some other indication on the court's copy that he or she has served the other plaintiff with a copy. Gale Rachuy's failure to serve Sandra Rachuy with a copy of Gale's motion for reconsideration violates Fed. R. Civ. P. 5, which requires that all submissions to the court be served on all of the other parties to the lawsuit or on counsel, if a party is represented. Sandra Rachuy is not represented by counsel. If she does not sign Gale Rachuy's submissions, then without exception the submission must show that a copy was given to her.

Second, Gale Rachuy submits an affidavit regarding Sandra Rachuy's citizenship. Gale Rachuy has provided no reason why he, and not Sandra, would submit an affidavit about her citizenship. This court has an independent obligation to insure that subject

matter jurisdiction exists. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003). The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation omitted).

As I explained in my previous order, a party's citizenship, not residency, is central to determining whether diversity jurisdiction is proper. An individual is a citizen of the state in which he is domiciled, which is "the place one intends to remain." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Furthermore, it has long been settled that residence and citizenship are wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the circuit courts of the United States and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction. Steigleder v. McQuesten, 198 U.S. 141, 143 (1905). The proper evidence of Sandra Rachuy's citizenship would be her own affidavit, signed under penalty of perjury, that she is in fact a citizen of Minnesota.

Third, Gale Rachuy has failed to submit information regarding defendant Tom

McCarney's citizenship. Accordingly, plaintiff Gale Rachuy's motion to reopen his case will be denied at this time. Nonetheless, I will provide Gale Rachuy an opportunity to file a proper motion to reopen this case. The motion must be: (1) signed by both him and Sandra Rachuy, (2) to satisfy the doubts raised about party citizenship in plaintiffs' complaint, it must be accompanied by separate affidavits from Gale and Sandra regarding their citizenship and (3) one of plaintiffs' affidavits must contain information regarding their belief about defendant's citizenship. Plaintiffs will have until September 15, 2009, to file their renewed motion to reopen this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Gale Rachuy's motion to reopen this case, dkt. #8, is DENIED;

2. Plaintiffs have until September 8, 2009 to file a new motion to reopen this case; the motion must be signed by both plaintiffs and accompanied by an affidavit from each plaintiff about his or her citizenship as well as their belief regarding defendant's citizenship.

Entered this 31st day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge